```
 1  BANNING MICKLOW & BULL LLP
    Edward M. Bull III, State Bar No. 141966
 2  Jessica L. Voss, State Bar No. 247033
    One Market, Steuart Tower, Suite 1440
 3  San Francisco, California 94105
    Telephone:  (415) 399-9191
 4  Facsimile:   (415) 399-9192

 5  Attorneys for Plaintiff
    DAVID ARMSTRONG
```

**PJH**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARMSTRONG,<br><br>　　　Plaintiff,<br><br>vs.<br><br>BRUSCO TUG & BARGE, INC and DOES 1-10, *in personam,* and M/V MARY ANN BRUSCO, her engines, tackle, apparel, furniture, etc., *in rem,*<br><br>　　　Defendants. | CASE NO.<br><br>**SEAMAN'S COMPLAINT FOR PERSONAL INJURIES: JONES ACT, UNSEAWORTHINESS AND MAINTENANCE AND CURE**<br><br>**In Admiralty and at Law**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**PLAINTIFF IS ENTITLED TO FILE THIS ACTION WITHOUT PREPAYMENT OF COSTS, FEES, OR SECURITY THEREFOR (28 U.S.C. § 1916)** |

## I.

## INTRODUCTORY ALLEGATIONS

1.　Plaintiff DAVID ARMSTRONG ("Plaintiff") was at all times herein mentioned a seaman within the meaning of the Jones Act and the general maritime law.

2.　Plaintiff brings and maintains this action pursuant to the provisions of Section 33 of the Act of June 5, 1920, C. 250, 31 Stat. 1007, commonly known as the Jones Act, and under the General Maritime Law pursuant to the United States Constitution Article III, Section 2, and 28 U.S.C. Section 1333. The First Cause of

1  Action is brought pursuant to the Jones Act; the Second and Third Causes of Action
2  pursuant to the general admiralty and maritime law. The Second and Third Causes
3  of Action are admiralty or maritime claims within the meaning of Rule 9(h).
4      3.   Plaintiff is a citizen of the United States and is a resident of Eureka,
5  California.
6      4.   Plaintiff is informed and believes that at all times relevant Defendant
7  BRUSCO TUG & BARGE, INC ("Brusco") is and was a corporation duly organized
8  and existing under and by virtue of the laws of the State of Washington and at all
9  relevant times herein was and is doing business in Eureka, California.
10     5.   All *in personam* Defendants are residents of this state, have extensive
11 contacts with this state, both specific and general, and/or have personally availed
12 themselves of the benefits of doing business in this state and are thus subject to
13 personal jurisdiction within the State of California. The Defendants reside and are
14 doing business in the Northern District of California and/or were doing business in
15 this District at all relevant times, and all operative events giving rise to this action
16 occurred in this District, rendering this a proper venue for the prosecution of this
17 action.
18     6.   At all times herein mentioned, the M/V MARY ANN BRUSCO was a
19 United States flag towing vessel afloat upon navigable waters of the United States.
20 Plaintiff is informed and believes that the M/V MARY ANN BRUSCO will be
21 within the boundaries of the United States District Court for the Northern District of
22 California during the pendency of this action. To the extent not immediately served
23 (i.e. arrested), Plaintiff hereby reserves all rights to effectuate such service and to
24 pursue any and all *in rem* claims that may sound against such vessel in this District
25 Court arising out of the claims asserted herein at any time or otherwise if need
26 should arise to obtain security for the satisfaction of such claims or to compel the
27 attendance of any non-appearing *in personam* defendant. Any entities or persons
28 Seaman's Complaint                                           CASE NO.

with any ownership interest in such vessel are hereby put on notice of the assertion of a maritime lien against said vessel.

7.  Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 10 and therefore Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities if and when ascertained. In the meantime, Plaintiff is informed and believes that each of the fictitiously-named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were legally caused by such Defendants.

8.  Plaintiff is informed and believes that all of the Defendants, including those sued as DOES 1 through 10, were and are the agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, employees and the like of their co-Defendants, and in doing the things hereinafter mentioned, were acting within the course and scope of their authority as such agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, and employees and the like with the permission, ratification or consent of their co-Defendants and thus are legally liable for damages resulting from the acts or omissions of the others.

## II.

## FIRST CLAIM FOR RELIEF

(Jones Act Negligence As To Brusco Only)

9.  Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 8 above.

10. At all times herein mentioned, Brusco owned, operated, managed, maintained, controlled, chartered and navigated the M/V MARY ANN BRUSCO

and certain shore-side facilities located in Eureka California used for docking and operational support for said vessel.

11. On or about January 22 and/or 23, 2006, Plaintiff was employed by Brusco and was working aboard the aforesaid vessel as a deck hand at the specific request and for the benefit of Brusco.

12. On or about these dates, Brusco was engaged in marine tug and barge operations off Eureka, California and otherwise within this District. While carrying out his assigned duties and in the course and scope of his herein described employment as a seaman, Plaintiff was seriously injured while in the service of the M/V MARY ANN BRUSCO. These injuries occurred while Plaintiff was attempting to enter the engine room aboard said vessel and in other respects as will be proven during the pendency and trial of this action. Plaintiff was injured through no fault of his own, but as a legal result of the negligence of Brusco.

13. Brusco was negligent in, among others, the following respects:

   a. In its failure to provide Plaintiff with a safe place to work, including failing to provide proper equipment, supervision and control, to ensure the removal of known hazards, and in failing to provide safe means of access to the vessel's engine room and to and from the vessel while docked;

   b. In its failure to exercise ordinary care under the circumstances to ensure that the personnel involved were properly trained, equipped and supervised to ensure that they performed their duties with reasonable safety;

   c. In giving orders and instructions or failing to give such orders and instructions to the personnel involved that put Plaintiff in danger of suffering serious bodily harm; and

   d. In violating laws, statutes and regulations enacted to promote

safety of workers, including seamen, and of life at sea.

14. Brusco further breached its duty of due care in that its work and training methods, equipment and gear were dangerous, defective and unfit for their intended purpose and employment.

15. As a legal result of the Defendant's negligence, Plaintiff sustained serious physical and emotional injuries, including a serious injury to his right knee.

16. As a further legal result of the negligence of the Defendants, Plaintiff has sustained and will continue to sustain damages, including and without limitation, general damages, special damages, medical expenses, emotional distress and pain and suffering, all of which will be established at trial according to proof.

17. As a further legal result of the Defendants' negligence, Plaintiff lost and will continue to lose wages, earnings, income, and earning capacity, which will be established at trial according to proof.

III.

SECOND CLAIM FOR RELIEF

(Unseaworthiness As to Brusco and the M/V Mary Ann Brusco)

18. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 17, above.

19. At all times herein relevant, Plaintiff was acting in the service of the M/V MARY ANN BRUSCO, and was performing duties of the type traditionally performed by seamen.

20. At the time and place alleged herein, by the provisions of the General Maritime Law of the United States, Brusco and the M/V MARY ANN BRUSCO, and their agents, employees and servants, warranted to Plaintiff that the M/V MARY ANN BRUSCO, her decks, gear, equipment, appurtenances, tools, crew members,

and work methods were seaworthy and in compliance with applicable laws, statutes and regulations enacted for the safety of the crew.

21.  Brusco and M/V MARY ANN BRUSCO, and each of them, breached this warranty, as alleged *inter alia*, in that the M/V MARY ANN BRUSCO, her decks, gear, equipment, appurtenances, tools, crew members, work methods and means of ingress and egress were neither seaworthy nor in compliance with applicable laws, statutes and regulations enacted for the safety of the crew.

22.  As a legal result of these alleged breaches, Plaintiff sustained the injuries as set forth herein and suffered and continues to suffer the general and special damages as set forth herein.

## IV.

## THIRD CLAIM FOR RELIEF

(Maintenance and Cure As to Brusco and the M/V Mary Ann Brusco)

23.  Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 22, above.

24.  By reason of the actions set forth in the allegations above, Plaintiff was injured while in the service of the M/V MARY ANN BRUSCO, was disabled from employment, and was required to undergo curative medical treatment. Plaintiff was, therefore, entitled to payment of all reasonable medical care ("cure") and a reasonable rate of daily "maintenance" (sufficient to cover room and board) from on or about January 23, 2006, until he has reaches "maximum cure," a state were there can be no possible improvement in his physical condition by additional curative treatment.

25.  Defendant Brusco paid maintenance to Plaintiff, but at an inadequate rate and for an inadequate period of time. Despite having knowledge of its duty under the law, Defendant Brusco wilfully, arbitrarily and capriciously failed to pay

adequate maintenance and cure owed and continues to fail to pay all maintenance and cure owed. As a result of Defendant's wrongful conduct Plaintiff is entitled to recover compensatory and other damages against Defendants Busco and the M/V MARY ANN BRUSCO, at least in the form of the attorney's fees and costs related in any way to the prosecution of Plaintiff's maintenance and cure claim.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. That process in due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, may issue against the M/V MARY ANN BRUSCO, her engines, tackle, apparel, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters alleged herein; that Plaintiff have a judgment for his damages aforesaid, with interest and costs; and that the M/V MARY ANN BRUSCO be condemned and sold to satisfy Plaintiff's judgment;

2. That process in due form of law according to the practice of this Honorable Court issue against the Defendants, citing them to appear and answer all and singular the matters aforesaid;

3. That Plaintiff may have judgment for his general, special and other allowable damages in an amount according to proof at trial;

4. That Plaintiff be awarded prejudgment interest on the amounts awarded;

5. That Plaintiff be awarded his costs of suit;

6. That Plaintiff be awarded such other and further relief as this Honorable Court deems just and proper; and

5. That in addition to the foregoing prayer, Plaintiff be awarded attorney's fees and costs on the THIRD CLAIM FOR RELIEF.

DATED: June 19, 2007                    BANNING MICKLOW & BULL LLP

                                        By _____
                                           Edward M. Bull III

                                        Attorneys for Plaintiff
                                        DAVID ARMSTRONG

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: June 19, 2007                    BANNING MICKLOW & BULL LLP

                                        By: _____
                                            Edward M. Bull III

                                        Attorneys for Plaintiff
                                        DAVID ARMSTRONG