1  JOHN D. GIFFIN, CASB No. 89608
   john.giffin@kyl.com
2  JOHN C. COX, CASB No. 197687
   john.cox@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  Four Embarcadero Center, Suite 1500
   San Francisco, California 94111
5  Telephone:  (415) 398-6000
   Facsimile:   (415) 981-0136
6
   Attorneys for Defendant
7  BRUSCO TUG & BARGE, INC.

8  EDWARD M. BULL III, CASB No. 141966
   BANNING MICKLOW & BULL LLP
9  One Market, Steuart Tower, Suite 1440
   San Francisco, California 94105
10 Telephone: (415) 399-9191
   Facsimile:   (415) 399-9192
11
   Attorneys for Plaintiff
12 DAVID ARMSTRONG

13

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARMSTRONG, | Case No. C 07-03273 PJH |
| Plaintiff, | **CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER** |
| vs. | |
| BRUSCO TUG & BARGE, INC., and DOES 1-10, *in personam*, and M/V MARY ANN BRUSCO, her engines, tackle, apparel, furniture, etc., *in rem*, | Date:   September 27, 2007<br>Time:   2:30 p.m.<br>Place:  The Honorable Phyllis J. Hamilton's Courtroom |
| Defendants. | |

Pursuant to Civil Local Rule 16-9(a) and this Court's Civil Standing Orders, Plaintiff DAVID ARMSTRONG and Defendant BRUSCO TUG & BARGE, INC. submit their Case Management Conference Statement and Proposed Order and request the Court adopt it as its Case Management Order in this action.

1. **Jurisdiction and Service**

In his Complaint, Plaintiff alleges that he was injured while working aboard Defendant's vessel, the M/V MARY ANN BRUSCO. Plaintiff asserts a Jones Act Negligence Claim, an Unseaworthiness claim, and a claim for Maintenance and Cure. Because Plaintiff's claims arise under the Jones Act and the general maritime law, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1333.

Defendant has not asserted any counterclaims against Plaintiff.

Presently, there is no dispute regarding personal jurisdiction, venue, or service of process.

2. **Factual Overview and Principal Factual Issues in Dispute**

On or around January 21, 2006, Plaintiff was employed by Defendant and working on the M/V MARY ANN BRUSCO. Plaintiff alleges that, while attempting to enter the vessel's engine room, he sustained serious injury to his right knee. Plaintiff alleges that the injury was caused by Defendant's negligence and the unseaworthiness of the M/V MARY ANN BRUSCO. As a result of his injury, Plaintiff alleges that he has suffered serious physical and emotional injuries, and other damages, including medical expenses and loss of wages, earnings, income, and earning capacity. Defendant denies that Plaintiff sustained any injury as alleged, that Defendant was negligent, or that the vessel was unseaworthy. Defendant also maintains that it has complied with its obligations for maintenance and cure.

3. **Statement of Disputed Legal Issues**

The following legal issues are currently identified as being in dispute:

1. Whether Defendant negligently failed to provide Plaintiff a safe place to work?

2. Whether Defendant negligently failed to properly train, equip, and supervise Plaintiff?

3. Whether Defendant negligently gave or failed to give orders and instructions to personnel, thereby placing Plaintiff in danger of bodily harm?

4. Whether Defendant violated any law, statute, or regulation enacted to promote the safety of workers, including seaman, and of life at sea?

5. Whether the M/V MARY ANN BRUSCO was seaworthy?

6. Whether Plaintiff sustained any injury while working on board the M/V MARY ANN BRUSCO?

7. Whether Plaintiff is entitled to maintenance and cure?

8. Whether Defendant paid Plaintiff adequate maintenance and cure?

9. Whether Plaintiff was negligent in performing his duties on board the M/V MARY ANN BRUSCO?

### 4. Motions

Presently, there are no pending motions before the Court.

### 5. Amendment of Pleadings

The parties propose that the cut-off date for amendments to pleadings be set for January 11, 2008.

### 6. Evidence Preservation

All parties have taken steps to preserve any and all evidence pertinent to Plaintiff's claims and any defenses to such claims.

### 7. Disclosures

The parties have not yet made disclosures, but anticipate doing so before the Case Management Conference.

### 8. Discovery

The parties propose the discovery deadlines set forth in paragraph 16.

### 9. Related Cases

There are no pending cases related to this matter.

### 10. Relief Sought and Damages

In his Complaint, Plaintiff seeks general and special damages and interest thereon. Plaintiff also seeks attorneys' fees related to the prosecution of his maintenance and cure claim.

1  Defendant maintains that Plaintiff has not suffered any damages and is therefore
2  not entitled to any monetary award.

3  **11.  Settlement and ADR**

4  Defendant's preference is Early Neutral Evaluation. Plaintiff prefers a settlement
5  conference or private mediation. The parties have filed a Notice of Need for ADR Phone
6  Conference.

7  **12.  Consent to Magistrate Judge for All Purposes**

8  Defendant declines to consent to referral to a magistrate judge for all purposes.

9  **13.  Other References**

10  Defendant does not believe that referral to a master or a magistrate is appropriate
11  at this time.

12  **14.  Narrowing of Issues**

13  The parties are prepared to work toward a narrowing of the issues as the issues
14  are developed.

15  **15.  Expedited Schedule**

16  The parties do not believe that an expedited schedule is appropriate.

17  **16.  Scheduling**

18  The parties propose the following deadlines:

19  Discovery cutoff:    May 9, 2008

20  Deadline to identify experts and exchange reports: May 23, 2008

21  Dispositive Motion to be filed: June 4, 2008

22  Oppositions to dispositive motions to be filed: June 25, 2008

23  Replies to dispositive motions to be filed:  July 9, 2008

24  Hearing on dispositive motions: July 30, 3008

25  Pretrial conference: August 13, 2008

26  Trial: August 25-29, 2008

27  **17.  Trial**

28  In his Complaint, Plaintiff has included a demand for jury trial. The parties

anticipate the trial will be 4 - 6 days.

**18.   Disclosure of Non-party Interested Entities or Persons**

Certification of Interested Entities or Persons:

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**19.   Other Matters**

None at this time.

DATED: September 20, 2007

_____
JOHN D. GIFFIN
KEESAL, YOUNG & LOGAN
Attorneys for Defendant
Brusco Tug & Barge

DATED: September 20. 2007

/S/ Edward M. Bull III
_____
EDWARD M. BULL III
BENNING, MICKLOW & BULL LLP
Attorneys for Plaintiff
David Armstrong

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

DATED: _____

_____
PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE