```
 1  JOHN D. GIFFIN, CASB No. 89608
    john.giffin@kyl.com
 2  JOHN C. COX, CASB No. 197687
    john.cox@kyl.com
 3  KEESAL, YOUNG & LOGAN
    A Professional Corporation
 4  Four Embarcadero Center, Suite 1500
    San Francisco, California  94111
 5  Telephone:  (415) 398-6000
    Facsimile:  (415) 981-0136
 6
    Attorneys for Defendant
 7  BRUSCO TUG & BARGE, INC.
 8
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARMSTRONG, | Case No. C 07-03273 PJH |
| Plaintiff, | |
| vs. | **DEFENDANT BRUSCO TUG & BARGE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| BRUSCO TUG & BARGE, INC., and DOES 1-10, *in personam*, and M/V MARY ANN BRUSCO, her engines, tackle, apparel, furniture, etc., *in rem*, | |
| Defendants. | |

Defendant BRUSCO TUG & BARGE, INC. ("Defendant") hereby responds to Plaintiff DAVID ARMSTRONG's "Seaman's Complaint for Personal Injuries: Jones Act, Unseaworthiness and Maintenance and Cure," and admits, denies, and alleges as follows:

1.  With respect to Paragraph 2, Defendant admits that Plaintiff's Complaint asserts the listed claims.

2.  With respect to Paragraph 4, Defendant admits that it is a Washington corporation. Defendant denies all other allegations contained therein.

3.  With respect to Paragraphs 7 and 8, because the allegations concern Plaintiff's naming of Doe Defendants, it does not require a response from Defendant. To the extent that Plaintiff alleges that any Doe Defendant was Defendant's agent, alter

1  ego, partner, joint venturer, co-conspirator, principal, shareholder, servant, employer,
2  employee, and was acting within the scope of his/her employment and with Defendant's
3  permission, ratification, or consent, Defendant denies these allegations.
4      4.   With respect to Paragraph 10, Defendant admits that it owns and operates
5  the M/V MARY ANN BRUSCO and owns certain shore-side facilitates in Eureka,
6  California used for docking and operational support of the vessel.
7      5.   With respect to Paragraph 11, Defendant admits that on January 22 and/or
8  23, 2006, Plaintiff was employed by Defendant and was working aboard the M/V MARY
9  ANN BRUSCO as a deck hand. All other allegations in Paragraph 11 are denied.
10     6.   With respect to Paragraph 12, Defendant admits that on January 22 and/or
11 23, 2006, Defendant was engaged in maritime tug and barge operations off Eureka,
12 California. Defendant denies all other allegations alleged in Paragraph 12.
13     7.   Defendant denies in their entirety those allegations contained in
14 Paragraphs 13(a)-(d), 14, 15, 16, 17, 20, 21, 22, 24, and 25 of Plaintiff's Complaint.
15     8.   Defendant lacks sufficient information to respond fully to the allegations
16 contained in Paragraphs 1, 3, 5, 6, and 19 of Plaintiff's Complaint and therefore based
17 upon its lack of information and belief, Defendant denies the allegations contained
18 therein in their entirety.
19     9.   With respect to Paragraphs 9, 18, and 23, Defendant re-asserts its
20 responses to the listed Paragraphs as set forth herein.
21     10.  Defendant reserves the right to file appropriate amendments to this
22 Answer, if necessary, if and when additional information is obtained.

**AFFIRMATIVE DEFENSES**

24     1.   FOR A FIRST SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's
25 Complaint, Defendant alleges that Plaintiff's Complaint, and each purported cause of
26 action therein, fails to state a cause of action.
27     2.   FOR A SECOND SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's
28 Complaint, Defendant alleges that any injury or damage which allegedly occurred to

- 2 -                                                                    KYL_SF456527
DEFENDANT BRUSCO TUG AND BARGE'S ANSWER TO PLAINTIFF'S COMPLAINT - Case No. C 07-03273

1  Plaintiff resulted from the failure of Plaintiff to perform his duties in a workman-like
2  manner and, therefore, proximately contributed to the happening of said alleged accident
3  and injury, loss and damage, if any.

4     3.   FOR A THIRD SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's
5  Complaint, Defendant alleges each and every provision of Section 183 of Title 46, United
6  States Code, wherein, among other things, liability for loss of life or bodily injury aboard a
7  ship is limited to $420.00 per ton of the vessel's weight.

8     4.   FOR A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's
9  Complaint, Defendant alleges upon information and belief that at the time during which
10 Plaintiff was employed by Defendant as a member of the crew of a vessel, he represented
11 and warranted that he was and would continue to be competent and physically able to
12 perform the duties required of him on said vessel, and that he would truly and in good
13 faith perform any and all duties in the capacity in which he was employed; that
14 Defendant relied on said representation and warranty on the part of Plaintiff, but that
15 said representation and warranty was not true; and that, to the contrary, Plaintiff was
16 not competent or able to perform the duties aforesaid; that said injuries to Plaintiff, if
17 any, were caused proximately and solely by the fact that Plaintiff was not competent, and
18 that the same did constitute a breach on the part of Plaintiff of said representation and
19 warranty.

20    5.   FOR A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's
21 Complaint, Defendant alleges that Plaintiff's injuries and damages, if any, were caused
22 entirely or in part by the negligence or fault of third persons or entities, including
23 Plaintiff's prior treating physicians and/or employers, and consequently Defendant is
24 not liable therefore.  The proportionate degree of negligence or fault of each such
25 person or entity, whether parties to this action or not, should be determined and
26 prorated or otherwise apportioned, and any judgment that might be entered against
27 Defendant should be reduced by that degree of fault found to exist as to said other
28 persons or entities.

KYL_SF456527

DEFENDANT BRUSCO TUG AND BARGE'S ANSWER TO PLAINTIFF'S COMPLAINT - Case No. C 07-03273

1  6. FOR A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, Defendant is informed and believes that Plaintiff's claims are barred in whole or in part by statutes of limitations.

7. Defendant reserves the right to assert additional affirmative defenses that may appear and prove applicable during the course of this litigation.

### PRAYER

WHEREFORE, Defendant prays that Plaintiff take nothing by his Complaint and that the Complaint be dismissed with prejudice, that Defendant be awarded costs of suit herein, and for such other and further relief as the Court may deem just and proper.

DATED: September 20, 2007

_____
JOHN D. GIFFIN
KEESAL, YOUNG & LOGAN
Attorneys for Defendant
BRUSCO TUG & BARGE, INC.